UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARDEN RIDGE, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-1992-G |
| SEARS ROEBUCK AND CO., | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Garden Ridge, L.P. ("Garden Ridge" or "the plaintiff"), for leave to file a third amended complaint. For the reasons discussed below, the motion is denied.

### I. BACKGROUND

Garden Ridge filed its original complaint on November 7, 2008. Motion for Leave to File Third Amended Complaint and Brief in Support ("Motion") at 1. Garden Ridge then amended its complaint twice in order to clarify whether this court had subject matter jurisdiction. *Id.* Now, the plaintiff seeks leave to file a third amended complaint for the purpose of adding another cause of action -- negligent

misrepresentation -- against the defendant, Sears Roebuck and Company. *Id.* On January 14, 2009, this court issued a scheduling order governing this case. According to that scheduling order, any motion requesting joinder of additional parties or amendments of pleadings must have been filed by April 14, 2009. Order Establishing Schedule and Certain Pretrial Requirements ¶ 3. On April 14, 2009, the court issued another order, extending the deadline to file motions requesting amendments of pleading to May 29, 2009. The instant motion was filed on July 16, 2009. Garden Ridge offers no explanation for its failure to meet the May 29, 2009 deadline.

## II. ANALYSIS

The plaintiff's motion states that it seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(a). Motion at 2. According to the Fifth Circuit, however, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) states that "[a] schedule may be modified only for good cause and with the judge's consent." Thus, since Garden Ridge waited until after May 29, 2009 to file its motion for leave to file a third amended complaint, it must show "good cause" for the court to modify the scheduling order. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W*

*Enterprises*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).

Garden Ridge offers no explanation for why it did not seek leave to amend for the purpose of adding the negligent misrepresentation claim on or before May 29, 2009. The motion instead relies solely on the liberal standard under Rule 15, and asserts that the amended will not add any additional facts to the claim, only a new cause of action. Motion at 3. Even if true, Garden Ridge has still offered no reason for failing to identify the negligent misrepresentation claim before May 29, 2009. Thus, Garden Ridge has not met the good cause standard required by Rule 16.

### III.  CONCLUSION

For the reasons discussed above, Garden Ridge's motion for leave to file a third amended complaint is **DENIED**.

**SO ORDERED**.

July 17, 2009.

*(signature: A. Joe Fish)*
A. JOE FISH
**Senior United States District Judge**

- 3 -